1
2
3
4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

5
6

| | |
|---|---|
| James E. Young, | No. CV 13-02624 PHX GMS (MEA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L. Ryan, Arizona Attorney General, | |
| Respondents. | |

**TO THE HONORABLE G. MURRAY SNOW:**

Petitioner, who is pro se in this matter, docketed a motion seeking a writ of habeas corpus pursuant to 28  U.S.C. § 2254 on December 23, 2013.  In an order issued September 12, 2014, the Court ordered Respondents to answer the petition. Respondents docketed a limited answer to the petition for habeas corpus relief on December 11, 2014.  See Doc. 14 ("Answer").  On March 11, 2015, Petitioner docketed a reply to the answer to the petition.  See Doc. 22.

**I Procedural background**

On December 8, 2000, Petitioner was indicted on one count of first degree murder, which indictment alleged Petitioner caused the premeditated death of his estranged common-law wife on October 17, 2000.  See Doc. 14 (Answer), Exh. B. Petitioner was apprehended and arrested on this charge on June 13, 2001.  Id., Exh. C.  Petitioner was represented by retained counsel at his criminal trial.  Id., Exh. D. A jury found Petitioner guilty as charged.  Id., Exh. E.  On March 15, 2002, pursuant to this conviction, Petitioner was sentenced to a term of natural life

imprisonment.  Id., Exh. F.

Petitioner took a timely direct appeal of his conviction and sentence. On January 30, 2003, the Arizona Court of Appeals affirmed Petitioner's conviction but remanded his case for resentencing, having found that Petitioner was incorrectly sentenced pursuant to Arizona Revised Statutes § 13–702 rather than section 13–703.  Id., Exh. H.  On January 28, 2005, Petitioner was re-sentenced to a term of life imprisonment with the possibility of parole after 25 years.  Id., Exh. I.

Before he was resentenced Petitioner initiated a state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.  Id., Exh. K.  Although the action was initially dismissed as premature, on November 19, 2004, on Petitioner's motion, the trial court reinstated Petitioner's Rule 32 action.  Id., Exhs. L & M. Petitioner was represented by counsel in his Rule 32 proceedings.  In his Rule 32 action Petitioner asserted, *inter alia*, that his trial counsel was ineffective because of her deteriorating health during his trial and her continuing use of prescription drugs for her deteriorating health during his trial. Petitioner also asserted that phone records admitted at his trial were incorrect.  Id., Exh. N.  In an order entered December 12, 2008, the state trial court granted post-conviction relief "on the grounds of unconstitutional ineffective assistance of counsel."  Id., Exh. O.  The state trial court vacated Petitioner's conviction and sentence, reinstated the original charge against Petitioner, and ordered a new trial. Id., Exh. O.

A jury found Petitioner guilty as charged after a second trial on the charge of first degree murder.  Id., Exh. Q.  Petitioner filed a motion seeking a new trial asserting that the verdict was contrary to the weight of the evidence, that he was subjected to prosecutorial misconduct, and that the trial court's evidentiary rulings

violated Petitioner's right to due process of law. After hearing argument on the motion for new trial, the trial court denied the motion.  Id., Exh. R.

On December 3, 2010, Petitioner was again sentenced to a term of life imprisonment with the possibility of parole after 25 years, and given credit for 3,461 days of pre-sentence incarceration. Id., Exh. R.

Petitioner took a timely direct appeal of his second conviction and sentencing.  Id., Exh. T.  Petitioner argued that the trial court erred when it denied Petitioner's motions to dismiss the charges against him or remand the matter to the grand jury because the prosecution had presented false or misleading testimony to the grand jury.  Petitioner also asserted that the trial court erred when it denied Petitioner's motion for a new trial.  Id., Exh. U.  Petitioner alleged that he was entitled to a new trial because there was insufficient evidence to support his conviction.  Petitioner further maintained he was entitled to a new trial because the prosecutor engaged in misconduct, including a failure to provide the defense with the substance of testimony presented to the jury and the prosecutor's repeated referral to Petitioner's silence in her closing argument.  Petitioner further asserted that the trial court's cumulative errors deprived him of a fundamentally fair trial. Id., Exh. U.

Thirteen days after Petitioner's opening brief in his direct appeal was docketed Petitioner filed a *pro per* motion to withdraw the brief, arguing that he was "aware that he will forever be barred if all issues not listed in this opening brief."  Id., Exh. V. The Arizona Court of Appeals denied the motion to withdraw the brief and instructed Petitioner that his counsel "need not raise every issue on appeal requested by appellant" and that, "after the conclusion of this appeal," if Petitioner believed that his appellate counsel was ineffective, he could "file a petition for post-conviction relief pursuant to the Arizona Rule of Criminal Procedure 32." Id., Exh. W.

The Arizona Court of Appeals affirmed Petitioner's conviction and sentence in a memorandum decision entered July 10, 2012. Id., Exh. Z. *Inter alia*, noting that a conviction may rest on circumstantial evidence, the Court of Appeals stated: "Our review of the evidence finds it more than sufficient to permit a finder of fact to conclude beyond a reasonable doubt that Young murdered S.C." Id., Exh. Z at 9. The court further found that Petitioner had raised two distinct claims of prosecutorial misconduct. With regard to Petitioner's argument that the prosecutor failed to disclose the content of a witness' testimony as required by Rule 15.1, Arizona Rules of Criminal Procedure, the appellate court found no abuse of discretion in allowing this testimony. The Court of Appeals also concluded "there [was] nothing improper in a prosecutor commenting on silence that is not *Miranda*-induced," noting "there was nothing improper in the prosecutor reminding the jury that Young made efforts to avoid the police following the murder..." Id., Exh. Z at 11-12. The appellate court informed Petitioner that a petition for review to the Arizona Supreme Court was due on or before August 14, 2012. Id., Exh. BB. On August 24, 2012, because no petition for review had been filed, the Arizona Court of Appeals issued a mandate in Petitioner's direct appeal. Id., Exh. CC.

On August 28, 2012, Petitioner filed a *pro per* motion in the Arizona Court of Appeals "advising court of due process of law. Violation of Appellant's appeal by court & court appointed counsel," alleging that the state trial courts and the prosecutors of abusing their power and disregarding the rules of the court. Id., Exh. DD. Respondents aver that the Arizona Court of Appeals did not rule on this motion. Id., Exh. LL.

On March 11, 2013, Petitioner filed a notice pursuant to Rule 32, Arizona Rules of Criminal Procedure, acknowledging that it was untimely. Id., Exh. EE. Petitioner alleged in his Rule 32 notice:

> State has tried Defendant in violation of Double [Jeopardy] Clause
> since Judge Contes reversed conviction after finding of Grand Jury
> Indictment was based on False misleading statements of fact by Det.
> Laird.  Prosecutorial misconduct continued prosecution misconduct.
> Police malfeasence (sic), fraud, perjury.  Falsifing (sic) evidence by
> state, selective prosecution, judicial bias & prejudice.  State attorney
> threatening and intimidation defence (sic) witness Valerie Smith on
> CD.  Judge Contes violated Rules of Court & letter of law to protect 2
> other Judges.

<u>Id.</u>, Exh. EE.  The state trial court interpreted these claims as an allegation that Petitioner's conviction and sentence were obtained in violation of his constitutional rights, i.e., his right to be free of double jeopardy, as a claim of prosecutorial misconduct, a claim of police misconduct and perjury, and a claim of judicial bias and prejudice.  <u>Id.</u>, Exh. FF.

On April 2, 2013, the trial court dismissed Petitioner's Rule 32 action as untimely because it was not filed within thirty days of the issuance of a final order or mandate of the appellate court in a direct appeal; in this matter the mandate was issued August 24, 2012, and the Rule 32 notice received March 11, 2013.  <u>Id.</u>, Exh. FF.  The court noted that Petitioner had not asserted a claim which could be properly stated in an untimely or successive Rule 32 proceeding.

On May 24, 2013, Petitioner filed a *pro per* motion for reconsideration of the trial court's decision in his Rule 32 action, asking permission to file an untimely Rule 32 petition and seeking the appointment of counsel.  Petitioner argued that his Rule 32 action was untimely because he is not an attorney and because he was "unaware of the Rules concerning time frames for filing a notice, of his intention to file a Rule 32- PCR appeal."  <u>Id.</u>, Exh. GG.  On August 9, 2013, the state trial court denied the motion for reconsideration, finding that Petitioner had raised no cognizable basis for reconsideration, that he was not entitled to advisory counsel to pursue an untimely Rule 32 proceeding, and that his "claim of

actual innocence is a conclusory statement unsupported by demonstrated facts, sworn testimony or required evidence." Id., Exh. HH.

In his federal habeas petition docketed December 23, 2013, Petitioner asserts he is factually and actually innocent of the crime of conviction, that he was subjected to double jeopardy, and that the prosecutor engaged in misconduct, depriving Petitioner of his right to due process of law. Petitioner further contends that exculpatory evidence was destroyed and that witnesses provided perjured testimony at his trial. Petitioner also alleges that he was denied his right to the effective assistance of trial counsel. Petitioner maintains he is "not a lawyer and ha[s] no legal training or understanding of law or rules."

Respondents assert: "This Court should dismiss, with prejudice, the remainder of Petitioner's habeas petition because: it is untimely; it does not raise claims that are cognizable in federal habeas; and all but two of Petitioner's subclaims are unexhausted..."

## II Statute of limitations

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011); Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See also Doe, 432 F.3d at 1011.

Petitioner's conviction became final on August 14, 2012, when the time expired for seeking review by the Arizona Supreme Court of the Arizona Court of

Appeals' decision denying relief in Petitioner's direct appeal. The one-year statute of limitations regarding Petitioner's claims for federal habeas relief began to run on August 14, 2012, and expired on August 13, 2013. Petitioner's federal habeas action, docketed on December 23, 2013, is not timely filed.

The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Stewart v. Cate, 757 F.3d 929, 934-35 (9th Cir.), cert. denied, 135 S.Ct. 341 (2014); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008). "The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A state post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). However, a state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling of the federal statute of limitations during the time such a petition is "pending" in the state courts. See Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811-12 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id., 544 U.S. at 414, 125 S. Ct. at 1812.

Petitioner's untimely state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, did not toll the statute of limitations because the state court determined it was untimely as a matter of state law. See Allen v. Siebert, 552 U.S. 3, 5-6, 128 S.Ct. 2, 3-4 (2007); Cross v. Sisto, 676 F.3d 1172, 1176 (9th Cir. 2012).

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time.  See Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 2554, 2562 (2010); Gibbs v. Legrand, 767 F.3d 879, 884-85 (9th Cir. 2014); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010).  A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace, 544 U.S. at 418, 125 S. Ct. at 1814-15.  See also Forbess v. Franke, 749 F.3d 837, 839-40 (9th Cir. 2014); Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009).  In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." E.g., Bills, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time.  See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959 (noting the difference between attorney negligence and abandonment of counsel, which abandonment constitutes extraordinary circumstances); Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008).  Equitable tolling is only appropriate when external forces, such as "abandonment" by the petitioner's counsel, the unavailability of a prison library, or a petitioner's mental disability, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action.  See Gibbs, 767 F.3d at 886-87; Forbess, 749 F.3d at 841; Sossa v.

<u>Diaz</u>, 729 F.3d 1225, 1236 (9th Cir. 2013).  Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction.  <u>See</u> <u>Stewart</u>, 757 F.3d at 937-38; <u>Lee v. Lampert</u>, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted.  <u>See</u>, <u>e.g.</u>, <u>Waldon-Ramsey</u>, 556 F.3d at 1011, <u>quoting</u> <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) ("We have previously explained that 'the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule.'").  Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." <u>Porter</u>, 620 F.3d at 959.  It is Petitioner's burden to establish that equitable tolling is warranted in his case.  See, e.g., <u>Porter</u>, 620 F.3d at 959; <u>Waldon-Ramsey</u>, 556 F.3d at 1111; <u>Espinoza Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir. 2004).

In his reply to the answer to his petition, Petitioner asserts that evidence was not provided to the grand jury and that this evidence was discovered eight years after the grand jury issued the original indictment.  Petitioner alleges that the County Attorney and the Phoenix Police Department withheld evidence from the defense and that DNA testing was not performed on some evidence.  Petitioner alleges that he was convicted as a result of cumulative prosecutorial misconduct, including "witness tampering" and "witness intimidation."  Petitioner asserts his ability to take an appeal of his conviction and sentences was hindered when he was denied transcripts and copies of pleadings.  Petitioner alleges he was subjected to police malfeasance and that evidence favorable to him was improperly suppressed. Petitioner alleges that a police detective who testified in his grand jury proceedings was later terminated by the police department and found to have committed acts of fraud.  Petitioner maintains he was subjected to judicial bias and prejudice.

Petitioner further contends that he could not timely pursue post-conviction relief because he was not informed by his counsel or the courts as to the deadline for pursuing this avenue of relief.

Petitioner has not stated an adequate basis for equitable tolling of the statute of limitations. Compare Holland, 130 S. Ct. at 2564; Porter, 620 F.3d at 961 (noting the circumstances of cases determined before and after Holland). A petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). The vicissitudes of prison life are not "extraordinary" circumstances that make it impossible to file a timely habeas petition. See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). Although Petitioner contends he was not informed by his counsel or the courts as to the deadlines for pursuing post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, the record indicates that Petitioner was informed of the requirements of this rule.

The Ninth Circuit Court of Appeals has held that a petitioner is entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction. See Lee, 653 F.3d at 934.

> "Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... [or] expiration of the statute of limitations." McQuiggin v. Perkins,[], 133 S. Ct. 1924, 1928,[] (2013). When an otherwise time-barred habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error," the Court may consider the petition on the merits. See Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, [] (1995). The Supreme Court has recently cautioned, however, that "tenable actual-innocence

gateway pleas are rare." <u>McQuiggin</u>, 133 S. Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." <u>Id.</u>

<u>Stewart</u>, 757 F.3d at 937-38.

Petitioner's argument of "actual innocence" is predicated on the assertion that there was insufficient evidence, as a matter of law, to sustain his conviction. Petitioner has not made a showing of any new evidence.  The phone records which Petitioner asserts are exculpatory were previously considered by the state trial court and resulted, in part, in Petitioner's retrial.  The accuracy of the records and the legitimacy and credibility of the record evidence and the investigative efforts was thoroughly challenged on cross-examination in Petitioner's second trial. Petitioner does not present evidence of the existence of suppressed exculpatory evidence, other than Petitioner's own conclusory statement regarding the existence of this evidence and its alleged suppression.  Accordingly, Petitioner is not entitled to tolling of the statute of limitations based on the theory of actual innocence.

Because the habeas action was not filed within the statute of limitations and Petitioner has not stated a proper basis for equitable tolling of the statute of limitations, the Court need not consider the merits of his claims.

**III Exhaustion and procedural default**

Absent specific circumstances, the District Court may only grant federal habeas relief on the merits of a claim which has been "properly" exhausted in the state courts.  <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); <u>Coleman v. Thompson</u>, 501 U.S. 722, 729–30, 111 S. Ct. 2546, 2554–55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state courts the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct

manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either in a direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Date v. Schriro, 619 F. Supp. 2d 736, 762-63 (D. Ariz. 2008); Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014). In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351. See also Arrendondo v. Neven, 763 F.3d 1122, 1138 (9th Cir. 2014).

However,

[The] AEDPA "leav[es] 'primary responsibility' for adjudicating federal claims to the States." Johnson v. Williams, —— U.S. ——, 133 S.Ct. 1088, 1097, 185 L.Ed.2d 105 (2013) (citing Woodford v. Visciotti, 537 U.S. 19, 27, 123 S.Ct. 357, [] (2002)). It follows that absent "evidence lead[ing] very clearly to the conclusion that a federal claim was inadvertently overlooked in state court," a federal habeas court presumes that the state court reached a petitioner's fairly

1

2

presented federal claim. Id.

3

Williams v. Swarthout, 771 F.3d 501, 2014 WL 5368854, at *5  (9th Cir. 2014)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

            In order to fulfill exhaustion requirements, a petitioner must present to the
state courts the "substantial equivalent" of the claim presented in federal court.
Picard v. Connor, 404 U.S. 270, 278, 92 S. Ct. 509, 513–14 (1971); Dickens v.
Ryan, 740 F.3d 1302, 1318-19 (9th Cir. 2014); Libberton v. Ryan, 583 F.3d 1147,
1164 (9th Cir. 2009).  Full and fair presentation requires a petitioner to present the
substance of his claim to the state courts, including a reference to a federal
constitutional guarantee and a statement of facts that entitle the petitioner to relief.
See Arrendondo, 763 F.3d at 1138; Gulbrandson v. Ryan, 738 F.3d 976, 992 (9th
Cir. 2013); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Lopez v. Schriro,
491 F.3d 1029, 1040 (9th Cir. 2007).  Although a habeas petitioner need not recite
"book and verse on the federal constitution" to fairly present a claim to the state
courts, Picard, 404 U.S. at 277–78, 92 S. Ct. at 512–13, they must do more than
present the facts necessary to support the federal claim.  See Anderson v. Harless,
459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

18

19

20

21

22

23

24

25

26

27

            A federal habeas petitioner has not exhausted a federal habeas claim if he
still has the right to raise the claim "by any available procedure" in the state courts.
28 U.S.C. § 2254(c). Because the exhaustion requirement refers only to remedies
still available to the petitioner at the time they file their action for federal habeas
relief, it is satisfied if the petitioner is procedurally barred from pursuing their
claim in the state courts.  See Woodford v. Ngo, 548 U.S. 81, 92–93, 126 S. Ct.
2378, 2387 (2006).  If it is clear the habeas petitioner's claim is procedurally
barred pursuant to state law, the claim is exhausted by virtue of the petitioner's
"procedural default" of the claim.  See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

28

- 13 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351–52, 109 S. Ct. at 1060.  Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594–95 (1991); Coleman v. Thompson, 501 U.S. 722, 727–28, 111 S. Ct. 2546, 2553–57(1991); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

16
17
18
19
20
21
22
23
24
25

In Arizona, claims not previously presented to the state courts in either a direct appeal or on collateral review in an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive Rule 32 action is permitted.  See Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a) & (b) (successive petitions are limited to claims of being held in custody beyond sentence expiration, newly-discovered material facts, requests for delayed appeal, significant change in the law retroactively applicable that would probably overturn conviction or sentence, and actual innocence); Spreitz v. Ryan, 617 F. Supp. 2d 887, 899–900 (D. Ariz. 2009).

26
27
28

> For the procedural default rule to apply, "the application of the state procedural rule must provide an adequate and independent state law basis on which the state court can deny relief." Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) (amended) (internal quotation

marks and citations omitted). Arizona's waiver rules are independent and adequate bases for denying relief. <u>Stewart v. Smith</u>, 536 U.S. 856, 859–60, 122 S.Ct. 2578, [] (2002) (per curiam) (holding denials pursuant to Arizona waiver rules are independent of federal law); <u>Ortiz v. Stewart</u>, 149 F.3d 923, 931–32 (9th Cir. 1998) (finding Arizona waiver rule consistently and regularly applied).

<u>Hurles v. Ryan</u>, 752 F.3d 768, 780 (9th Cir.), <u>cert.</u> <u>denied</u>, 135 S.Ct. 710 (2014).

To constitute an adequate and independent state procedural ground sufficient to support a state court's finding of procedural default, "a state rule must be clear, consistently applied, and well-established at the time of [the] petitioner's purported default." <u>Lambright v. Stewart</u>, 241 F.3d 1201, 1203 (9th Cir. 2001). <u>See also</u> <u>Murray v. Schriro</u>, 745 F.3d 984, 1015-16 (9th Cir. 2014) A state rule is considered consistently applied and well-established if the state courts follow it in the "vast majority of cases." <u>Scott</u>, 567 F.3d at 580, <u>quoting</u> <u>Dugger v. Adams</u>, 489 U.S. 401, 417 n.6, 109 S. Ct. 1211, 1221 n.6 (1989). Additionally, for the proffered state procedural bar to preclude the consideration of a habeas claim "the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." <u>Caldwell v. Mississippi</u>, 472 U.S. 320, 327, 105 S. Ct. 2633, 2638–39 (1985). <u>See also</u> <u>Harris v. Reed</u>, 489 U.S. 255, 261–62, 109 S. Ct. 1038, 1042 (1989).

> "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." <u>Harris</u>, 489 U.S. at 263, 109 S.Ct. 1038, [].... <u>Sanders v. Cotton</u>, 398 F.3d 572, 580 (7th Cir. 2005) (where the state appellate court's discussion of waiver is intertwined with its merits analysis, the state court's decision does not rest on an independent and adequate state law ground) ....

<u>Pole v. Randolph</u>, 570 F.3d 922, 937 (7th Cir. 2009) (some internal citations and quotations omitted). <u>See also</u> <u>Scott</u>, 567 F.3d at 581–82.

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims, which have been found to be consistently applied and well-established, bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not fairly presented to the Arizona Court of Appeals in his direct appeal or in his Rule 32 action.  See Hurles, 752 F.3d at 780; Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).  See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar).

The Arizona Court of Appeals found relief on the merits of the claims raised in Petitioner's Rule 32 action was barred by Petitioner's failure to comply with the provisions of Rule 32.9(c), Arizona Rules of Criminal Procedure, which require:

> The petition or cross-petition for review shall comply with the form requirements of Rule 31.12 of these rules and contain a caption setting forth the name of the appellate court, the title of the case, a space for the appellate court case number, the trial court case number and a brief descriptive title. An original and seven copies of the petition and an original and one copy of the appendix, if any, shall be filed if review is being sought in the Supreme Court. An original and four copies of the petition and an original and one copy of the appendix, if any, shall be filed if review is being sought in the Court of Appeals. An original and one copy shall be filed if review is being sought in the superior court. The parties shall be designated as in the trial court proceedings. The petition or cross-petition shall not exceed 20 pages, exclusive of the appendix, shall not have a cover or be bound, but shall be fastened with a single staple in the upper left corner, and shall contain the following:
> (i) Copies of the trial court's rulings entered pursuant to rules 32.6(c), 32.8(d) and 32.9(b).

(ii) The issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review.

(iii) The facts material to a consideration of the issues presented for review.

(iv) The reasons why the petition should be granted. In capital cases all references to the record in the trial court shall be supported by an appendix, with appropriate copies of the portions of the record which support the petition. The petition shall not incorporate any document by reference, except the appendices. If the appendices exclusive of the trial court's rulings exceed 15 pages in length, such appendices shall be fastened together separately from the petition and the copies of the trial court's rulings.

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Clabourne v. Ryan, 745 F.3d 362, 375 (9th Cir. 2014); Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez–Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). See also Correll v. Stewart, 137 F.3d 1404, 1415–16 (9th Cir. 1998). The Ninth Circuit Court of Appeals has also stated that prejudice is established by a petitioner's "actual innocence." See Vosgien v. Persson, 742 F.3d 1131, 1134-35 (9th Cir. 2014). Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See, e.g., Hughes v.

- 17 -

1    Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986).

2         To establish prejudice, the petitioner must show that the alleged

3    constitutional error worked to his actual and substantial disadvantage, infecting his

4    criminal proceedings with constitutional violations.  See Vickers, 144 F.3d at 617;

5    Correll, 137 F.3d at 1415–16.  Establishing prejudice requires a petitioner to prove

6    that, "but for" the alleged constitutional violations, there is a reasonable probability

7    he would not have been convicted of the same crimes.  See Manning v. Foster, 224

8    F.3d 1129, 1135–36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir.

9    1999).  Although both cause and prejudice must be shown to excuse a procedural

10   default, the Court need not examine the existence of prejudice if the petitioner fails

11   to establish cause.  See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558,

12   1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

13        A state criminal defendant does not have a federal constitutional right to the

14   effective assistance of counsel during state post-conviction proceedings.  See, e.g.,

15   Pennsylvania v. Finley, 481 U.S. 551, 555,  107 S. Ct. 1990, 1993 (1987); Graves

16   v. McEwen, 731 F.3d 876, 878 (9th Cir. 2013).  Accordingly, the general rule is

17   that errors of counsel during a state post-conviction action cannot constitute

18   "cause" to excuse the procedural default of a federal habeas claim.  See, e.g.,

19   Coleman, 501 U.S. at 752, 111 S. Ct. at 2565; Clabourne, 745 F.3d at 374.

20   However, the Supreme Court's opinion in Martinez v. Ryan, 132 S. Ct. 1309

21   (2012), established a limited exception to this general rule, which exception applies

22   only to Sixth Amendment ineffective assistance of counsel claims.  Martinez held

23   that inadequate assistance of post conviction counsel or lack of counsel "at initial-

24   review collateral review proceedings may establish cause for a prisoner's

25   procedural default of a claim of ineffective assistance at trial."  Id. at 1315.  In Ha

26   Van Nguyen v. Curry, 736 F.3d 1287, 1293 (9th Cir. 2013), the Ninth Circuit

27   expanded Martinez, holding that this doctrine can also apply to excuse the

28

procedural default of claims asserting ineffective assistance of direct appeal counsel.

In Trevino v. Thaler, the Supreme Court delineated the Martinez analysis as consisting of four prongs:

> We consequently read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

133 S. Ct. 1911, 1918 (2013), citing Martinez, 132 S. Ct. at 1318–19, 1320–21 (alterations in original).

Petitioner does not assert that ineffective assistance of appellate or post-conviction counsel rendered him unable to properly present his federal habeas claims to the state courts.

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice.  See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485–86, 106 S. Ct. 2639, 2649 (1986).  A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485–86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice"

standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged.  See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842–43 (9th Cir. 2001).

The only claims properly exhausted in the state courts were the claims Petitioner presented to the Arizona Court of Appeals in his direct appeal, i.e., that there was insufficient evidence to sustain Petitioner's conviction and that prosecutorial misconduct deprived him of his right to due process of law.  With regard to these claims, the state appellate court found: "Our review of the evidence finds it more than sufficient to permit a finder of fact to conclude beyond a reasonable doubt that Young murdered S.C."  Answer, Exh. Z at 9.  The court further found that Petitioner had raised two distinct claims of prosecutorial misconduct.  With regard to Petitioner's argument that the prosecutor failed to disclose the content of a witness' testimony as required by Rule 15.1, Arizona Rules of Criminal Procedure, the appellate court found no abuse of discretion in allowing this testimony.  The Court of Appeals also concluded "there [was] nothing improper in a prosecutor commenting on silence that is not *Miranda*-induced," noting "there was nothing improper in the prosecutor reminding the jury that Young made efforts to avoid the police following the murder..."  Id., Exh. Z at 11-12.

Petitioner's claim that he was subjected to double jeopardy was raised and denied based on procedural grounds in Petitioner's Rule 32 action.  Petitioner's assertion that he was denied his right to the effective assistance of trial counsel was not raised in the state courts and, because he may not now raise that claim in the state courts the claim is precluded.  Petitioner did not properly exhaust these federal habeas claims in the state courts by fairly presenting them to the state courts in a procedurally correct manner.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

As noted *supra*, in reply to the answer to his petition, which answer asserts Petitioner procedurally defaulted some of his claims in the state courts, Petitioner asserts, *inter alia*, that his ability to take an appeal of his conviction and sentences was hindered when he was denied transcripts and copies of pleadings and that he could not timely pursue post-conviction relief because he was not informed by his counsel or the courts as to the deadline for pursuing this avenue of relief.

Because Petitioner failed to properly exhaust these claims and has not shown cause for, nor prejudice arising from his default of the claims, the Court should not consider the merits of the claims.

### IV Standard of review of exhausted claims

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law or the state court decision was an unreasonable application of clearly established federal law.  See 28 U.S.C. § 2254(d); Carey v. Musladin, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); Musladin v. Lamarque, 555 F.3d 834, 838 (9th Cir. 2009).  "Under AEDPA, a federal court may not grant a petition for a writ of habeas corpus unless the state court's adjudication on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"  Lafler v. Cooper, 132 S. Ct. 1376, 1390 (2012), quoting 28 U.S.C. § 2254(d)(1).

> Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice.  Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fair minded disagreement.

White v. Woodall, 134 S.Ct. 1697, 1702 (2014) (internal citations and quotations omitted).

The AEDPA requires that the habeas court review the "last reasoned decision" from the state court, "which means that when the final state court decision contains no reasoning, we may look to the last decision from the state court that provides a reasoned explanation of the issue." Murray v. Schriro 746 F.3d at 441, quoting Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

> A state court applies a clearly established standard unreasonably only if no "reasonable interpretation of the controlling [Supreme Court] standard" can "support [the state court's] legal ruling." Panetti v. Quarterman, 551 U.S. 930, 953, 127 S.Ct. 2842, [] (2007). So, when evaluating the reasonableness of a state court's application of a general standard, we must defer to any "principled reason for the state court to distinguish between the case before it and Supreme Court precedent." Murdoch v. Castro, 609 F.3d 983, 992 (9th Cir. 2010) (en banc). Moreover, § 2254(d)(1), the Supreme Court recently explained,
>> does not require state courts to extend [a Supreme Court] precedent or license federal courts to treat the failure to do so as error. Thus, "if a habeas court must extend a rationale before it can apply to the facts at hand," then by definition the rationale was not "clearly established at the time of the state-court decision." AEDPA's carefully constructed framework "would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law."
>
> White, 134 S.Ct. at 1706 (internal citations omitted) (quoting Yarborough, 541 U.S. at 666, 124 S.Ct. 2140).

Arrendondo, 763 F.3d at 1133-34.

Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a

formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error ... beyond any possibility for fair minded disagreement." Harrington v. Richter, [] 131 S.Ct. 770, 786–787, [] (2011). "If this standard is difficult to meet"—and it is—"that is because it was meant to be." [] 131 S.Ct., at 786. We will not lightly conclude that a State's criminal justice system has experienced the "extreme malfunctio[n]" for which federal habeas relief is the remedy. Id., at ——, 131 S.Ct., at 786 (internal quotation marks omitted).

Burt v. Titlow, 134 S.Ct. 10, 15-16 (2013).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law as stated in *United States Supreme Court opinions*, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result.  See, e.g., Brown v. Payton, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438 (2005); Yarborough v. Alvarado, 541 U.S. 652, 663, 124 S. Ct. 2140, 2149 (2004); Soto v. Ryan, 760 F.3d 947, 957 (9th Cir. 2014); Runningeagle v. Ryan, 686 F.3d 758, 785 (9th Cir. 2012), cert. denied, 133 S. Ct. 2766 (2013).

The "only definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision." Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003), overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, [] (2003). If Supreme Court "cases give no clear answer to the question presented ... it cannot be said that the state court unreasonably applied clearly established Federal law." Wright v. Van Patten, 552 U.S. 120, 126, 128 S.Ct. 743, [] (2008) (internal quotation marks omitted). In other words, "'[i]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme Court].'" Richter, 131 S.Ct. at 786 (quoting Knowles v. Mirzayance, 556 U.S. 111, 122, 129 S.Ct. 1411, [] (2009)).

1   McKinney v. Ryan, 730 F.3d 903, 909 (9th Cir. 2013).

2       To satisfy the "unreasonable application" portion of the first prong,
3       the petitioner must demonstrate that the state court's application of
        Supreme Court precedent to the facts of his case was not only
4       incorrect but "objectively unreasonable." Woodford v. Visciotti, 537
5       U.S. 19, 123 S.Ct. 357, 360 (2002). "While Supreme Court precedent
        is the only authority that is controlling under AEDPA, we look to
6       Ninth Circuit case law as 'persuasive authority for purposes of
7       determining whether a particular state court decision is an
        "unreasonable application" of Supreme Court law.'" Luna v. Cambra,
8       306 F.3d 954, 960 (9th Cir. 2002) (quoting Van Tran v. Lindsey, 212
9       F.3d 1143, 1154 (9th Cir. 2000)...[]

10  Davis v. Woodford, 384 F.3d 628, 637-38 (9th Cir. 2004).  See also Woods, 764
11  F.3d at 1121.
12
        A state court decision involves an unreasonable application of clearly
13
14  established federal law if it correctly identifies a governing rule but applies it to a
15  new set of facts in a way that is objectively unreasonable, or if it extends, or fails to
16  extend, a clearly established legal principle to a new set of facts in a way that is
17  objectively unreasonable.  See McNeal v. Adams, 623 F.3d 1283, 1287–88 (9th
18  Cir. 2010). The state court's determination of a habeas claim may be set aside
19  under the unreasonable application prong if, under clearly established federal law,
20  the state court was "unreasonable in refusing to extend [a] governing legal
21  principle to a context in which the principle should have controlled." Ramdass v.
22  Angelone, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000).  See also Cheney v.
23  Washington, 614 F.3d 987, 994 (9th Cir. 2010).  However, the state court's
24  decision is an unreasonable application of clearly established federal law only if it
25  can be considered objectively unreasonable.  See, e.g., Renico v. Lett, 559 U.S.
26  766, 130 S. Ct. 1855, 1862 (2010); Runningeagle, 686 F.3d at 785.  An
27  unreasonable application of law is different from an incorrect one.  See Renico,
28  130 S. Ct. at 1862; Cooks v. Newland, 395 F.3d 1077, 1080 (9th Cir. 2005).  "That

1
2
3
4

test is an objective one and does not permit a court to grant relief simply because the state court might have incorrectly applied federal law to the facts of a certain case." <u>Adamson v. Cathel</u>, 633 F.3d 248, 255–56 (3d Cir. 2011).  <u>See</u> <u>also</u> <u>Howard v. Clark</u>, 608 F.3d 563, 567–68 (9th Cir. 2010).

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

   Pursuant to section 2254(d)(2), the "unreasonable determination" clause, "a state-court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." <u>Burt</u>, 134 S.Ct. at 15 (internal quotation marks and citation omitted), <u>quoted</u> by <u>Clark v. Arnold</u>, 769 F.3d 711, 724-25 (9th Cir. 2014).  Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence.  <u>See</u> 28 U.S.C. § 2254(e)(1); <u>Miller–El v. Dretke</u>, 545 U.S. 231, 240–41, 125 S. Ct. 2317, 2325 (2005); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003); <u>Runningeagle</u>, 686 F.3d at 763 n.1; <u>Crittenden v. Ayers</u>, 624 F.3d 943, 950 (9th Cir. 2010); <u>Stenson v. Lambert</u>, 504 F.3d 873, 881 (9th Cir. 2007); <u>Anderson v. Terhune</u>, 467 F.3d 1208, 1212 (9th Cir. 2006). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact."  <u>Sumner v. Mata</u>, 455 U.S. 591, 593, 102 S. Ct. 1303, 1304–05 (1982).  Additionally, the United States Supreme Court has held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1398 (2011).  <u>See</u> <u>also</u> <u>Murray v. Schriro</u>, 745 F.3d at 998.

25
26
27
28

   If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state

- 25 -

court's decision that the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires.   See Lafler, 132 S. Ct. 1389-90; Panetti v. Quarterman, 551 U.S. 930, 953–54, 127 S. Ct. 2842, 2858–59 (2007); Amado v. Gonzalez, 758 F.3d 1119, 1131 (9th Cir. 2014); Runningeagle, 686 F.3d at 785-86; Greenway v. Schriro, 653 F.3d 790, 805–06 (9th Cir. 2011); Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008).

## V Analysis of Petitioner's exhausted claims for relief

### A. Petitioner's sufficiency of the evidence claim

A due process claim based on insufficiency of the evidence can only succeed when, viewing all the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See, e.g., Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 2789 (1979). When undertaking habeas review of a state court decision rejecting a claim of insufficiency of the evidence, the Court's inquiry is very limited; the Court may ask only whether the state court's decision was contrary to or reflected an unreasonable application of Jackson to the facts of a particular case.   See Juan H. v. Allen, 408 F.3d 1262, 1274–75 (9th Cir. 2005).

> In reviewing the sufficiency of evidence, we may grant habeas relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, [] (1979); see also McDaniel v. Brown, [] 130 S.Ct. 665, 673 [] (2010) ... In this review, all evidence must be considered in the light most favorable to the prosecution, and we presume "that the trier of fact resolved any [conflicting inferences] in favor of the prosecution." Jackson, 443 U.S. at 326, 99 S.Ct. 2781. Furthermore, "[a]fter AEDPA, we apply the standards of Jackson with an additional layer of deference" to state court findings. Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005).

Ngo v. Giurbino  651 F.3d 1112, 1115 (9th Cir. 2011).

1
2
3
4
5
6
7
8
9
10
11
12

Having thoroughly reviewed all of the pleadings in this matter and the portions of the record presented to the Court, the Court concludes that the Arizona court's decision denying Petitioner's claim of insufficiency of the evidence was not contrary to nor an unreasonable application of federal law.  See Long v. Johnson, 736 F.3d 891, 896-97 (9th Cir. 2013); Bruce v. Terhune, 376 F.3d 950, 959–60 (9th Cir. 2004).  Compare Garcia v. Carey, 395 F.3d 1099, 1102–04 (9th Cir. 2005).  "[D]raw[ing] reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict," Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir. 1995), the Court concludes that a rational trier of fact could have found proof of guilt beyond a reasonable doubt.  Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

13

**B. Petitioner's prosecutorial misconduct claim**

14
15
16
17
18
19
20
21

With regard to Petitioner's argument that the prosecutor failed to disclose the content of a witness' testimony as required by Rule 15.1, Arizona Rules of Criminal Procedure, the appellate court found no abuse of discretion in allowing this testimony.   The Court of Appeals also concluded "there [was] nothing improper in a prosecutor commenting on silence that is not *Miranda*-induced," noting "there was nothing improper in the prosecutor reminding the jury that Young made efforts to avoid the police following the murder..."   Id., Exh. Z at 11-12.

22
23
24
25
26

On habeas review of a prosecutorial misconduct claim, the Court may grant relief only if the misconduct rises to the level of a due process violation—not because the Court might disapprove of the prosecutor's behavior. Towery v. Schriro, 641 F.3d 300, 306 (9th Cir. 2010).  See also Sechrest v. Ignacio, 549 F.3d 789, 807 (9th Cir. 2008).

27
28

When a petitioner makes a claim of prosecutorial misconduct, the touchstone of due process analysis ... is the fairness of the trial, not the

culpability of the prosecutor. On habeas review, [the Court's] role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair.

Serra v. Michigan Dep't of Corr., 4 F.3d 1348, 1355 (6th Cir. 1993) (citation and internal quotation marks omitted).A constitutional violation arising from prosecutorial misconduct does not warrant habeas relief if the error is harmless. See Sandoval v. Calderon, 241 F.3d 765, 778 (9th Cir. 2000). When a state court has found a constitutional error to be harmless beyond a reasonable doubt, a federal court may not grant habeas relief unless the state court's determination is objectively unreasonable. See Mitchell v. Esparza, 540 U.S. 12, 17–18, 124 S.Ct. 7, 11-12 (2003); Cooper v. Brown, 510 U.S. 870, 921 (9th Cir. 2007). Although the Arizona Court of Appeals did not specifically address whether Petitioner's federal due process rights were violated, it found that the prosecutor's alleged misconduct did not contribute to the verdict. This decision was not clearly contrary to nor an objectively unreasonable application of federal law. See Towery, 641 F.3d at 307.

In this matter, Petitioner did not allege in the state courts that evidence was suppressed, but instead argued that the prosecutor erred by not timely disclosing the content of the proffered testimony in violation of a local rule of criminal procedure. Such an error does not rise to the level of a due process violation because Petitioner's counsel was still able to cross-examine the witness.

Petitioner also asserted that he was denied his right to due process because the prosecutor commented to the jury of Petitioner's pre-Miranda silence. The state court did not err in finding Petitioner's right to due process was not violated in this regard. The Supreme Court recently held that prosecutors may use a defendant's pre-arrest silence as substantive evidence of his guilt if the defendant did not expressly invoke his right to remain silent. See Salinas v. Texas, 133 S.Ct.

2174, 2179, 2184  (2013).  In this matter Petitioner evaded police knowing that he was a suspect in the death of S.C.  The Circuit Courts of Appeal have concluded that a prosecutor's reference to a defendant's pre and post arrest, pre-Miranda statements does not violate the defendant's constitutional rights.  See Buckner v. Polk, 453 F.3d 195, 208 (4th Cir. 2006);  Bland v. Sirmons, 459 F.3d 999, 1023 (10th Cir. 2006). See also Jenkins v. Anderson, 447 U.S. 231, 238, 100 S.Ct. 2124, 2129 (1980); United States v. Beckman, 298 F.3d (9th Cir. 2002). The prosecutor's comments to this effect were not a violation of Petitioner's right to be free of self-incrimination or due process and the state court did not err in so holding.

**VI Conclusion**

Petitioner's federal habeas action was not filed within the one-year statute of limitations.  Petitioner has not established that equitable tolling is warranted in this matter.  Additionally, Petitioner failed to properly exhaust all but two of his federal habeas claims in the state courts.  Petitioner has not established cause for nor prejudice arising from his procedural default of these claims.   Neither has Petitioner established his actual innocence of the crime of conviction.  The claims that were properly exhausted in the state courts were not decided by those courts in a manner that was contrary to nor an unreasonable application of federal law.

Therefore,

**IT IS RECOMMENDED that**   Mr. Young's petition seeking a writ of habeas corpus be **denied** and **dismissed.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

1    Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall
2  have fourteen (14) days from the date of service of a copy of this recommendation
3  within which to file specific written objections with the Court. Thereafter, the
4  parties have fourteen (14) days within which to file a response to the objections.
5  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District
6  Court for the District of Arizona, objections to the Report and Recommendation
7  may not exceed seventeen (17) pages in length.

8    Failure to timely file objections to any factual or legal determinations of the
9  Magistrate Judge will be considered a waiver of a party's right to de novo appellate
10 consideration of the issues.  See United States v. Reyna–Tapia, 328 F.3d 1114,
11 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or
12 legal determinations of the Magistrate Judge will constitute a waiver of a party's
13 right to appellate review of the findings of fact and conclusions of law in an order
14 or judgment entered pursuant to the recommendation of the Magistrate Judge.

15   Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or
16 deny a certificate of appealability when it enters a final order adverse to the
17 applicant."  The  undersigned  recommends  that,  should  the  Report  and
18 Recommendation be adopted and, should Petitioner seek a certificate of
19 appealability, a certificate of appealability should be denied because Petitioner has
20 not made a substantial showing of the denial of a constitutional right.

22   Dated this 23rd day of March, 2015.

25   _____
     Mark E. Aspey
     United States Magistrate Judge